UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

————

No. 1:26-cv-01539

————

**Carreto-Hernandez,**
*Petitioner,*

v.

**Blanche, et al.,**
*Respondents.*

————

## ORDER

Cristian Carreto-Hernandez is a native and citizen of Mexico currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2)(A). He filed a petition for writ of habeas corpus demanding immediate release. Because his detention is lawful, the petition is denied.

## BACKGROUND

Petitioner, by his own admission, entered the United States without inspection sometime around 2004. Since that time, Petitioner has had no criminal history. On May 25, 2026, Petitioner was detained and taken into custody by federal agents. He has been in custody since May 25, 2026, and is currently detained by Respondents at the T. Don Hutto Detention Center in Taylor, Texas.

On June 9, 2026, Petitioner filed a petition for a writ of habeas corpus contesting his detention and seeking immediate release. The Court ordered Respondents to show cause why the writ should not be granted. Respondents answered, Petitioner replied, and the Court now addresses the petition.

### LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

### ANALYSIS

Petitioner asserts that his pre-removal detention is unlawful because it violates Due Process, the Suspension Clause, the Administrative Procedure Act, and agency regulations. His arguments, however, fail. Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing. 8 U.S.C. § 1225(b)(2). And it is

well-established that such "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 523. Neither the statutory text nor the Due Process clause therefore requires granting the writ, and none of Petitioner's ancillary arguments require it either. For the reasons set forth in Parts I–V of this Court's decision in *Cazares Tapia v. Mullin*, No. 1:26-cv-01321 (W.D. Tex. June 8, 2026), the Court denies the petition.

*   *   *

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on July 1, 2026.*

ANDREW DAVIS
United States District Judge

3